UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN  DIVISION

| | |
|---|---|
| TERRY INGHAM, | ) SA CV 09-931-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## I. **INTRODUCTION**

This matter is before the Court for review of the decision by the

Commissioner of the Social Security Administration ("Commissioner") denying

plaintiff's application for Supplemental Security Income ("SSI") under Title XVI

of the Social Security Act. 42 U.S.C. § 1381 *et seq*.  Pursuant to 28 U.S.C. §

636(c), the parties have consented that the case may be handled by the

undersigned.  The action arises under 42 U.S.C. § 405(g), which authorizes this

Court to enter judgment upon the pleadings and transcript of the record before

the Commissioner.  The plaintiff and defendant have filed their pleadings and the defendant has filed a certified transcript of the record ("AR").  After reviewing the matter, this Court concludes that the decision of the Commissioner should be affirmed.

## II. PROCEEDINGS

On October 12, 2005, plaintiff, Terry Ingham, filed an application for SSI benefits alleging an inability to work since May 1, 2005, due to disability.  After his claim was denied initially and upon reconsideration, plaintiff filed a request for a hearing before the Administrative Law Judge ("ALJ").  The ALJ denied the claim in a written decision dated August 9, 2007.  In filing a request for review, plaintiff submitted sixty-eight pages of new evidence to the Appeals Council. After considering the new evidence, the Appeals Council denied plaintiff's request, and the present action was subsequently filed in this Court.

Plaintiff raises four issue.   Plaintiff alleges that (1) the ALJ erred in failing to properly consider the plaintiff's subjective complaints; (2) the ALJ erred in failing to properly consider the testimony of plaintiff's mother, Joan Ingham; (3) the ALJ erred in failing to consider the opinions of two doctors; and (4) the new and material evidence provided to the Appeals Council supports a remand.

Each of plaintiff's contentions will be addressed in turn.

## ISSUE No. 1:

Plaintiff argues that the ALJ failed to make proper credibility findings regarding plaintiff's testimony, and failed to provide legally sufficient reasons for discrediting plaintiff's testimony regarding the severity of his pain and limitations.  In response, defendant argues that the ALJ's assessment of plaintiff's testimony and subsequent finding that it was not credible  was proper, because the ALJ articulated specific, clear and convincing reasons for discrediting plaintiff's allegations.

2

The Commissioner's assessment of plaintiff's credibility should be given great weight. <u>Nyman v. Heckler</u>, 779 F.2d 528, 531 (9th Cir. 1985). In making a credibility determination of the claimant, unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." <u>Valentine v. Comm'r Social Sec. Admin.</u>, 574 F.3d 685, 693 (9th Cir. 2009); <u>Lester v. Chater</u>, 81 F.3d at 821, 834 (9th Cir. 1995). If an ALJ finds that a claimant's testimony relating to the intensity of his or her pain is unreliable, he must cite the reasons why he found the testimony unpersuasive. <u>See</u> <u>Morgan v. Comm'r of Soc. Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints. <u>See</u> <u>Lester</u>, 81 F.3d at 834; <u>Dodrill v. Shalala</u>, 12 F.3d 915, 918 (9th Cir. 1993).

Here, the ALJ provided clear and convincing reasons for determining that plaintiff was not credible as to his allegations of pain and limitations. The ALJ concluded that plaintiff's "inconsistencies negatively impact his credibility and do not permit reliance on his statements." (AR 25). The ALJ allocated a considerable portion of his written decision to explaining the basis for his determination. (AR 24-25). Further, the ALJ "pointed to specific evidence in the record" that undermined plaintiff's claims. <u>Morgan</u>, 169 F.3d at 599 (finding the ALJ had provided "clear and convincing reasons" for rejecting the plaintiff's subjective complaints because the ALJ pointed to specific evidence in the record in identifying what testimony was credible and what was not). Specifically, the ALJ pointed out that there was very little evidence that plaintiff had sought treatment for pain or used any home remedies to alleviate the pain. (AR 24). There was no evidence to corroborate plaintiff's statements that he is "practically non-functional", or that he suffered sleep deprivation from pain, nor any concentration, attention, or cognitive deficits from pain. (AR 24). Also, the ALJ found plaintiff's daily activities were inconsistent with his allegations of

3

excessive pain.  Plaintiff took care of his own personal needs, did gardening, went grocery shopping, performed household chores, prepared breakfast, and drove a vehicle.  (AR 25).  See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (finding that daily activities may be a reason to discredit excess pain allegations if the claimant is able to spend a substantial part of the day performing activities which are transferable to a work setting).

Therefore, since the ALJ found plaintiff's complaints of excessive pain and limitations lacked credibility, it was proper for him to reject plaintiff's testimony.

**ISSUE No. 2:**

Plaintiff asserts that the ALJ committed legal error by failing to properly consider the lay testimony of plaintiff's mother, Joan Ingham.  Defendant maintains that the ALJ's failure to explicitly assess Joan Ingham's testimony was, at most, harmless error.

The ALJ is required to consider the credibility of lay testimony provided by family members and friends who provide their own statement regarding a claimant's disabling symptoms.  Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009).  If an ALJ rejects lay witness testimony, the ALJ must provide specific reasons that are germane to each witness whose testimony he rejects.  Id. (citing Stout v. Comm'r, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006)).

However, where an ALJ fails to properly discuss competent lay testimony favorable to the claimant, a reviewing court may consider the error harmless if it can "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different conclusion."  Stout, 454 F.3d at 1056.  Harmless error has never been found, however, where an ALJ's decision was *completely* silent on his consideration of lay testimony.  See id. at 1056 (noting that the Ninth Circuit has never concluded that an ALJ's complete silence and disregard of lay testimony was harmless error); see also Merril ex rel. Merrill v.

4

1  Apfel, 224 F.3d 1083, 1085-86 (9th Cir. 2000); Schneider v. Comm'r of Social

2  Sec. Sdmin., 223 F.3d 968, 974 (9th Cir. 2000); Dodrill v. Shalala, 12 F.3d 915,

3  919 (9th Cir. 1993).

4       At the August 1, 2007 hearing, plaintiff's mother, Joan Ingham, provided

5  lay testimony on plaintiff's behalf.  She stated that plaintiff is not as active or

6  energetic as he used to be; plaintiff's pain is so severe that, at times, he would lie

7  on the floor; he has difficulty walking, standing, and opening jars; and it was her

8  understanding that plaintiff could only engage in activity for fifteen to twenty

9  minutes at a time.  (AR 65-6).  In his written decision, the ALJ concluded that

10  Mrs. Ingham's testimony was not sufficiently persuasive to change his disability

11  determination.  (AR 25).

12       This is not the case where the ALJ was *completely silent* in his

13  consideration of Mrs. Ingham's testimony.  Further, Mrs. Ingham's testimony as

14  to the severity of plaintiff's pain and limitations is substantially similar to the

15  plaintiff's own testimony regarding pain and physical limitations which

16  testimony was properly discounted.  It is therefore unlikely that, had the ALJ

17  fully credited Mrs. Ingham's testimony, his disability determination would have

18  changed, and accordingly his failure to do so constitutes harmless error.

19  **ISSUE No. 3:**

20       Plaintiff asserts that the ALJ erred in rejecting the medical opinions of

21  plaintiff's treating physician, Dr. Piasecki, and examining physician, Dr. Iway.

22  In response, defendant argues that the ALJ was proper to reject both opinions

23  because they were irrelevant.

24       The ALJ is to accord the greatest weight to a treating physician's medical

25  opinion.  See 20 C.F.R. § 404.1527(d)(2).  Where the treating physician's

26  opinion is not contradicted by another physician, it may only be rejected for

27  "clear and convincing" reasons.  Lester, 81 F.3d at 830.  Even where a treating

28  physician's opinion is contradicted, the ALJ must provide specific and legitimate

5

reasons for rejecting that opinion, supported by substantial evidence in the record. See id. at 830-31; see also Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007). Further, as with a treating physician, the ALJ may reject the opinion of an examining physician only for "specific and legitimate reasons that are supported by substantial evidence." Lester, 81 F.3d at 830-31. However, the ALJ does not have to discuss all evidence presented. He is only required to explain why *significant probative evidence* has been rejected. See Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Further, medical opinions of any physician, treating or examining, which predate the alleged onset of disability are not considered substantial evidence. See Carmickle v. Comm'r, Social Sec. Admin., 533 F.3d 1155, 1165 (9th Cir. 2008) ("[m]edical opinions that predate the alleged onset of disability are of limited relevance.").

In the case at bar, the ALJ relied on the opinion of examining physician, Dr. Sophon, in concluding that plaintiff had the residual functional capacity to perform light work. (AR 23, 26).

Dr. Sophon examined plaintiff on May 22, 2007, and diagnosed him with cervical sprain and laceration of the left wrist and left median nerve. He concluded that plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently with no limitations in standing, walking, sitting or bending. (AR 23). The ALJ accorded significant weight to Dr. Sophon's medical opinion because his conclusions were not rebutted by plaintiff's treating physician, Dr. Piasecki, who diagnosed plaintiff with radiculopathy of the lower left extremity, lumbar disk herniation, sprain of the neck and left shoulder, and rotator cuff degeneration in March of 2003. (AR 23).

It was within the ALJ's discretion to give primary weight to Dr. Sophon's opinion over the opinion of Dr. Piasecki, even though Dr. Piasecki was the treating source, because the reports prepared by Dr. Piasecki reflecting his medical opinion dated back to 2003, (AR 314-22, 338-45), which substantially

predated plaintiff's alleged onset of disability on May 1, 2005.   See Carmickle, 533 F.3d at 1158, 1165 (finding medical opinions limited in relevance because they predated the alleged onset of disability by a few weeks).   Therefore, the ALJ was not required to provide "clear and convincing" reasons for rejecting Dr. Piasecki's opinions because they were not considered "significant probative" evidence.

Likewise, the ALJ did not err by failing to provide "specific and legitimate" reasons for rejecting the medical opinion of examining physician, Dr. Iway.  In 2001, Dr. Iway opined that plaintiff "ha[d] a PERMANENT medical condition and he should have a job that is a SEDENTARY WORK ASSIGNMENT ONLY."  (AR 436).  Similar to the opinions of Dr. Piasecki, Dr. Iway's opinion substantially predated the alleged onset of disability date and accordingly cannot be considered significant probative evidence.

**ISSUE No. 4:**

Plaintiff asserts that the new evidence he submitted to the Appeals Council is material and supports a remand because it logically reflected upon conditions evident before the ALJ's unfavorable decision on August 9, 2007.  Defendant maintains that the new evidence was properly considered and rejected by the Appeals Council because it concerned a disability that plaintiff sustained after the ALJ's decision.

If  the plaintiff produces new evidence after the ALJ's disability determination and that new evidence was presented to and considered by the Appeals Council, this Court may also consider it in the context of the record as a whole.  See Vasquez v. Astrue, 572 F.3d 586, 594 n.7 (9th Cir. 2009). Because this evidence was submitted to and considered by the Appeals Council, and is part of the administrative record, this Court may consider it in reaching its final decision even though the ALJ did not have the benefit of this information during the hearing.

After consideration of new evidence, sentence six of 42 U.S.C. § 405(g) allows this Court to remand a case for the taking of additional evidence if the plaintiff establishes that there is (a) new, non-cumulative evidence; (b) that is relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (c) there is good cause for failure to submit the evidence at the administrative level.  To be considered relevant and probative, the new evidence must bear directly on the matter in issue.  See Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir.1985); Booz v. Secretary of Health and Human Serv's, 734 F.2d 1378, 1380-81 (9th Cir.1984).

In this case, after consideration of sixty-eight pages of additional arguments and medical records submitted by plaintiff, the Appeals Council concluded that the new information related to injuries sustained subsequent to the ALJ's disability determination, and therefore it did "not effect the decision about whether [plaintiff was] disabled beginning on or before August 9, 2007."  (AR 5).  Likewise, this Court concludes that all new evidence that relates to post August 9, 2007 disability claims cannot be said to bear directly on plaintiff's medical condition prior to the ALJ's decision.

Plaintiff correctly points out that at least one piece of new evidence submitted to the Appeals Council predated the ALJ's decision.  Electrodiagnostic testing performed in August of 2002 shows that plaintiff suffered from lumbar radiculopathy, (AR 494), cervical (neck) radiculopathy, (AR 498), and upper extremity abnormality.  (AR 496).  However, after reviewing these records, this Court finds that this they are not relevant and probative within the meaning of § 405(g) of Title 42.

First, while such new evidence predated the ALJ's disability determination it also substantially predates the alleged onset of disability date, May 1, 2005, which concomitantly reduces its relevancy.  See Carmickle, 533 F.3d at 1165 ("[m]edical opinions that predate the alleged onset of disability are of limited

8

relevance.").  Second, there is no reasonable possibility that, upon remand, the results of the electrodiagnostic testing would change the administrative result.  In his written decision, the ALJ considered and rejected the medical findings of Dr. Piasecka, who had diagnosed plaintiff with lumbar disk herniation, strain/sprain of the neck and left shoulder, rotator cuff degeneration, and biceps tendonitis. (AR 23).  Confronted with even earlier electrodiagnostic test results showing that plaintiff suffered from substantially similar disabilities, it is likely that the ALJ would still have concluded that plaintiff was capable of performing light work as of 2005.   Nor has plaintiff shown good cause for failure to introduce such evidence to the ALJ.  Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985). Plaintiff smply alleges that the evidence was obtained after the ALJ decision because Mr. Ingham was not able to remember the name of the facility where it was performed.  (Plaintiff's Opening Brief at p. 8).

Therefore, neither the new evidence presented by plaintiff that relates to injuries sustained after the ALJ's decision, or the new evidence that predates the ALJ's decision, can be considered "relevant and probative so that there is a reasonable possibility that it would change the administrative result." Accordingly, in its discretion under sentence six of 42 U.S.C. § 405(g) this Court declines to remand the case for the taking of additional evidence.

ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed, and the Complaint is dismissed.

DATE: May 10, 2010

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE